IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES O. BRADLEY TRUST, ET AL.,

    Plaintiffs,

v.

ZENITH CAPITAL LLC, ET AL.,

    Defendants.

No. C 04-02239 JSW

**ORDER GRANTING MOTION TO DISMISS**

Now before the Court is Defendants Mark J. Albrecht and Mark J. Albrecht Accountancy Corporation's ("the Albrecht Defendants") motion to dismiss Plaintiffs' eighth and ninth causes of action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and for failure to state a claim with requisite particularity. Having carefully reviewed the parties' papers, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion. The Court finds the present motion appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). Therefore, the hearing date of June 10, 2005 at 9:00 a.m. is HEREBY VACATED.

**BACKGROUND**

This securities action concerns allegations of fraud perpetrated by a number of defendants. The First Amended Complaint ("FAC") states claims for relief for a range of fraud and unfair business practices, breach of contract and civil RICO violations. The only claims for relief pertinent to this motion are those alleged against the Albrecht Defendants for

professional negligence and misrepresentation. The allegations against the remaining, non-moving defendants concern an alleged fraudulent scheme whereby, pursuant to investment advice from the Zenith Defendants, Plaintiffs allegedly lost approximately $17 million in their investments with the Global Money Management Defendants.[1]

Plaintiffs further allege that the Albrecht Defendants were hired and paid by GMM Defendants to prepare annual federal income tax returns. (*See* FAC, ¶ 21.) Plaintiffs allege that Albrecht was hired and paid by the GMM Defendants for tax preparation purposes and that Plaintiffs used some of the forms in preparation of their own tax returns. (*See id.*) Plaintiffs allege that the tax forms prepared by the Albrecht Defendants were based on the statements of false and fictitious investment gains sent by Zenith and GMM, and that based on those false investment gains, Plaintiff overpaid federal and state income taxes. (*See id*.)

## ANALYSIS

### A. Eighth Cause of Action for Professional Negligence is Dismissed Without Leave to Amend.

Plaintiffs' eighth claim for relief against the Albrecht Defendants is for professional negligence, for breach of the professional standard of care applicable to members of their profession. Accountants' liability to third parties is very limited under California law. In *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 406 (1992), the California Supreme Court eliminated third-party negligence actions against auditors and held that "an auditor's liability for general negligence in the conduct of an audit of its client financial statements is confined to the client, *i.e.*, the person who contracts for or engages the audit services. Other persons may not recover on a pure negligence theory." Because Plaintiffs have alleged that the GMM Defendants were Albrecht's clients, and there is no contractual privity between Plaintiffs and Albrecht, Plaintiffs may not bring an action for negligence. Further, Plaintiffs' contention that they were limited partners in a hedge fund by virtue of their investment, which assertion appears no where in the

---

[1] For the purposes of this motion, the Court refers to Zenith Capital LLC, Tasker Cooper Smith/Zenith Group Ltd., Tasker Cooper Smith/Zenith Group LLC, Pisenti & Brinker LLP, Rick Lane Tasker, Martel Jed Cooper, Gregg Smith and Irwin S. Rothenberg as the Zenith Defendants. (*See* FAC, ¶ 8.) The Court refers to Marvin Friedman, Milton Lohr, Paul Levy, and Kenneth Widder as the Global Money Management or GMM Defendants. (*See id.*, ¶ 9.)

complaint, raises no practical distinction from the *Bily* plaintiffs who were shareholders and were held not to be considered the client. Therefore, because Plaintiffs have not and cannot allege that they were the persons who contracted for or engaged the Albrecht Defendants' audit services, they cannot maintain an action for professional negligence against them. *See id.*

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, . . . or where the amended complaint would also be subject to dismissal." *D. Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998) (citations omitted). Because Plaintiffs cannot state a claim against the auditors because such an action is confined to clients, the Albrecht Defendants' motion to dismiss Plaintiffs' eighth claim for relief for professional negligence is GRANTED without leave to amend.

**B.   Ninth Cause of Action for Fraud is Dismissed With Leave to Amend.**

According to Federal Rule of Civil Procedure 9(b), "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so a defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, but mere conclusory allegations of fraud are not. *Id*. A plaintiff must set forth a specific description of the representations made and explain why they are false and misleading. *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994).

In this matter, Plaintiffs merely allege the Albrecht Defendants gave them statements of fictitious investment gains and tax returns based on those fictitious gains on an annual basis. (*See* Opp. Br. at 6, citing FAC, ¶¶ 3, 17, 21.)[2] Plaintiffs fail to plead the time, date, place, and content of the alleged misrepresentations, how or why the representations were misleading, and fail to identify any particular tax forms containing alleged misrepresentations which were relied

---

[2] The Court notes that neither paragraph 3 nor paragraph 17 of the FAC even mention the Albrecht Defendants. However, paragraph 21 asserts that they prepared the annual income tax returns for the GMM Defendants.

3

1  upon by the plaintiffs. The current pleading is insufficient to state a claim for misrepresentation
2  under Federal Rule of Civil Procedure 9(b).

3  Plaintiffs claim that they "can set forth more detail of the claim is given leave to do so."
4  (Opp. Br. at 6). Leave to amend should be granted where it appears possible that the plaintiff
5  can correct the defect. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2002).
6  Therefore, the Court GRANTS the Albrecht Defendants' motion to dismiss the ninth claim for
7  relief for misrepresentation with leave to amend.

## CONCLUSION

For the foregoing reasons, the Albrecht Defendants' motion to dismiss is GRANTED. The eighth claim for relief for professional negligence is dismissed without leave to amend and the ninth claim for relief for misrepresentation is dismissed with leave to amend. Plaintiffs' amended superceding complaint, if any, must be filed by no later than July 1, 2005.

**IT IS SO ORDERED.**

Dated: June 1, 2005

/s/ Jeffrey S. White
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4