UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES O. BRADLEY TRUST, *et al.*,<br><br>   Plaintiffs,<br><br> v.<br><br>ZENITH CAPITAL LLC, *et al.*,<br><br>   Defendants.<br>_____ / | No. C-04-2239 JSW (EMC)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL ALBRECHT DEFENDANTS TO PRODUCE DOCUMENTS**<br>**(Docket No. 102)** |

   Plaintiffs have filed suit against various Defendants based on an alleged securities fraud. Basically, there are three groups of Defendants: the Zenith Defendants, the GMM Defendants, and the Albrecht Defendants. Pending before the Court is Plaintiffs' motion to compel the Albrecht Defendants to produce all documents listed on the Albrecht Defendants' privilege log. The Albrecht Defendants are Mark J. Albrecht and Mark J. Albrecht Accountancy Corporation, public accountants. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby GRANTS Plaintiffs' motion to compel.

   The Albrecht Defendants oppose production of the documents to the extent that the private information of nonparties is implicated. In support of their position, the Albrecht Defendants cite 26 U.S.C. § 7216, California Code of Civil Procedure § 1985.5, and article I, section 1, of the California Constitution. Section 7216 does not bar production of the documents. The statute provides that disclosure of tax return information is permissible if made pursuant to a court order. *See* 26 U.S.C. § 7216(b)(1)(B). Thus, if the Court here concludes that production is warranted, then there is no problem under § 7216. Nor is § 1985.5 a bar to the production of documents. The Federal Rules of

Civil Procedure are controlling, not the California Code of Civil Procedure. Moreover, the discovery rule embodied in § 1985.5 is more restrictive than the Federal Rules on discovery. *See Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003) ("Where application of state law would be clearly inconsistent with federal law, state law privileges do not apply."); *cf. Soto v. City of Concord*, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995) ("The federal policy on discovery is a liberal standard, and applying California privilege law, such as California Evidence Code § 1043 and Penal Code § 832.5 would severely limit Plaintiff from gaining access to the police files in dispute."). As for the right to privacy provided for in the California Constitution, the Court can consider the right to the extent it is not inconsistent with federal law. The question thus boils down to whether there should be disclosure of the documents given the relevance of the information and the burden of the discovery, which includes the privacy interests of nonparties.

The Court finds that, given the relevance of the information and the burden of the discovery, it is appropriate for the documents to be produced but only under a strict protective order. Thus, the Court grants Plaintiffs' motion to compel production of the documents but such production shall be subject to a protective order, the terms of which shall be provided to the Court by the parties in the form of a joint stipulation and proposed order per the Court's instructions given at the hearing.

As for the costs of the production, the Albrecht Defendants shall bear the cost of attorney/paralegal review and redaction of the documents. (The parties have agreed that social security numbers and tax identification numbers may be redacted.) Plaintiffs shall bear the cost of copying.

This order disposes of Docket No. 102.

IT IS SO ORDERED.

Dated: August 24, 2005

EDWARD M. CHEN
United States Magistrate Judge