IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES O. BRADLEY TRUST, ET AL., | |
| Plaintiffs, | No. C 04-02239 JSW |
| v. | |
| ZENITH CAPITAL LLC, ET AL., | **ORDER GRANTING MOTION TO DISMISS EIGHTH CLAIM FOR RELIEF AGAINST ALBRECHT DEFENDANTS AND GRANTING MOTION TO STRIKE ALLEGATIONS OF FIDUCIARY DUTY** |
| Defendants. | |
| _____ / | |

Now before the Court is Defendants Mark J. Albrecht and Mark J. Albrecht Accountancy Corporation's ("the Albrecht Defendants") second motion to dismiss Plaintiffs' eighth cause of action for professional negligence pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and motion to strike Plaintiff's allegations of fiduciary duty pursuant to Federal Rule of Civil Procedure 12(f). Having carefully reviewed the parties' papers, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motions.

**BACKGROUND**

This securities action concerns allegations of fraud perpetrated by a number of defendants. The facts are familiar to the parties and enumerated in this Court's first order granting the Albrecht Defendants' motion to dismiss.

Again, the Second Amended Complaint ("SAC") states claims for relief for a range of fraud and unfair business practices, breach of contract and civil RICO violations. The only claims for relief pertinent to this motion are those alleged against the Albrecht Defendants for professional negligence and misrepresentation. The allegations against the remaining, non-moving defendants concern an alleged fraudulent scheme whereby, pursuant to investment advice from the Zenith Defendants, Plaintiffs allegedly lost approximately $17 million in their investments with the Global Money Management Defendants.[1]

The amended complaint is changed only by the addition of: (1) the allegation that the Albrecht Defendants "provided to all plaintiffs except Rental Center Properties public accountancy services as defined in California Business and Professions Code section 5051" for the calendar and tax years 1999 through 2003 (SAC, ¶ 10); (2) the allegation that "[b]eginning in 1994, Albrecht provided public accounting services to Global Money Management LP, LF Global, and the limited parties of Global Money Management LP and LF Global, including all plaintiffs herein except Rental Center Properties. Albrecht was paid by LF Global as a general partner for Global Money Management LP for those public accountancy services and those fees paid to Albrecht were charged as an expense to plaintiffs' limited partnership interests in Global Money Management LP" (SAC, ¶ 21); and (3) the allegation that Albrecht violated fiduciary duties to Plaintiffs when he failed to disclose to them information that Global Money Management had suffered losses and that its total value was less than reported and when he failed to verify the investment gains reported to him by Global Money Management (SAC, ¶ 52).

---

[1] For the purposes of this motion, the Court refers to Zenith Capital LLC, Tasker Cooper Smith/Zenith Group Ltd., Tasker Cooper Smith/Zenith Group LLC, Pisenti & Brinker LLP, Rick Lane Tasker, Martel Jed Cooper, Gregg Smith and Irwin S. Rothenberg as the Zenith Defendants. (*See* FAC, ¶ 8.) The Court refers to Marvin Friedman, Milton Lohr, Paul Levy, and Kenneth Widder as the Global Money Management or GMM Defendants. (*See id.*, ¶ 9.)

2

## ANALYSIS

### A. Legal Standard on Motion to Dismiss.

A motion to dismiss for failure to state a claim will be denied unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996). Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). The Court is not, however, bound to accept as true conclusory allegations of law or legal conclusions couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Arpin v. Santa Clara Transp. Agency,* 261 F.3d 912, 923 (9th Cir. 2001) (internal quotation omitted).

### B. Eighth Cause of Action for Professional Negligence Was Dismissed *Without Leave to Amend.*

Plaintiffs' eighth claim for relief against the Albrecht Defendants for professional negligence, for breach of the professional standard of care applicable to members of their profession was dismissed by this Court without leave to amend in an order dated June 1, 2005. The Court found the holding in *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 406 (1992), controlling in which the California Supreme Court held that "an auditor's liability for general negligence in the conduct of an audit of its client financial statements is confined to the client, *i.e.*, the person who contracts for or engages the audit services. Other persons may not recover on a pure negligence theory." The Court found that Plaintiffs had not and could not allege that plaintiffs were the persons who contracted for or engaged the Albrecht Defendants' audit services, and held that they could not maintain an action for professional negligence against them. *See id.*

Further, the Court found that because Plaintiffs could not state a claim against the auditors because such an action is confined to clients, the Albrecht Defendants' motion to dismiss Plaintiffs' eighth claim for relief for professional negligence was granted without leave to amend. The Court does not conclude that the holding in *Bily* is audit-specific. The purpose

3

of the California Supreme Court's holding was to provide limited liability for accountants for providing financial information in the preparation of reviews, compilations and tax returns to clients who had contracted for these services.

The Court construes plaintiffs' current opposition to the motion to dismiss in part a motion for reconsideration of its order dated June 1, 2005. A motion to reconsider is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School District No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiffs failed to demonstrate that there is newly discovered evidence or a change in intervening law, and the Court satisfied that its original decision was proper. Therefore, the motion for reconsideration is denied. The professional negligence claim against the Albrecht Defendants has been and remains dismissed without leave to amend. In its third amended complaint, Plaintiffs shall specifically omit the Albrecht Defendants from its eighth claim for professional negligence.

**C.    Motion to Strike.**

Federal Rule of Civil Procedure 12(f) provides that a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *California Dept. of Toxic Substance Control v. ALCO Pacific, Inc.*, 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (internal citations and quotations omitted). Impertinent material "consists of statements that do not pertain, or are not necessary to the issues in question." *Id*. Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp 1335, 1339 (N.D. Cal. 1991). The possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike. *Cal. Dept. of Toxic Substances Control*, 217 F. Supp. at 1028.

4

Plaintiffs may, at this procedural stage, allege a cause of action for misrepresentation against the Albrecht Defendants. *See Murphy v. BDO Seidman, LLP*, 113 Cal. App. 4th 687, 694 (2003). However, there is no claim that the Albrecht Defendants owed a fiduciary duty to Plaintiffs, who were not its clients. Therefore, the Court GRANTS the Albrecht Defendants' motion to strike the specific allegations of the second amended complaint which refer to fiduciary duty obligations as immaterial. The amended complaint must omit portions of paragraph 52(C) and 52(D) which make reference to fiduciary duty (page 15, line 22; page 16, line 3; and page 16, line 7.)

## CONCLUSION

For the foregoing reasons, the Albrecht Defendants' second motion to dismiss the eighth claim for relief for professional negligence is GRANTED. The eighth claim for relief for professional negligence remains dismissed as against the Albrecht Defendants without leave to amend and the third amended complaint shall specifically omit the Albrecht Defendants from the eighth claim for relief for professional negligence. In addition, the Court GRANTS the Albrecht Defendants' motion to strike those allegations in the second amended complaint referring to a fiduciary duty owed to Plaintiffs. The third amended complaint shall omit references to fiduciary duty on page 15, line 22; page 16, line 3; and page 16, line 7. The third amended complaint shall be filed no later than 10 days from the date of this order and shall reflect these changes as well as the proposed addition of new parties permitted by this Court's order granting Plaintiffs' motion to amend. The Defendants shall have 20 days from date of service to file an answer or further responsive pleading.

**IT IS SO ORDERED.**

Dated: January 24, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5