IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES O. BRADLEY TRUST, ET AL., | |
| Plaintiffs, | No. C 04-02239 JSW |
| v. | |
| ZENITH CAPITAL LLC, ET AL., | **ORDER GRANTING MOTION TO AMEND COMPLAINT** |
| Defendants. | |

Now before the Court is the motion for leave to amend filed by plaintiffs Charles O. Bradley Trust, Linda L. Bradley, Ken & Sharon Burge Trust, Brad Martin Burge, Scott & Noa L. Dykstra, Ronald C. Hall and Rental Center Properties (collectively "Plaintiffs"). Plaintiffs seek to add Judy Chiao Smith, individually and doing business as CSA Consulting, and Chiao, Smith & Associates Accountancy Corporation and changing the caption to allege the true name of current defendant Greg Smith as M. Gregory Smith, individually and doing business as CSA Consulting. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby GRANTS the Plaintiffs' motion for leave to amend.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of right at any time before a responsive pleading is served. Once a responsive pleading has been served, however, amendment requires written consent of the adverse party or leave of the court. In accordance with the Rule 15(a)'s liberal pleading standard, leave of the court "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Though the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the

general rule is that amendment of the pleadings is to be permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, and futility of amendment. *See Forman v. Davis*, 371 U.S. 178, 230 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

First, Plaintiffs contend that they only discovered the possible involvement of the proposed new defendants as of December 2005 when they learned about their alleged misconduct by receiving their client files. Therefore, there is no evidence of undue delay in moving to amend the complaint.

Second, there is no evidence of bad faith. Defendants' contentions that the facts do not support the allegations in the complaint is the proper subject of summary judgment. There is no record before this Court indicating bad faith by Plaintiffs in seeking leave to amend.

Third, there is no evidence of prejudice to Defendants in this matter. The extension of discovery should accommodate the newly-added defendants and is addressed by modifying the case management schedule. Any settlement discussions would certainly be known to Plaintiffs who contend that no such settlement offers are outstanding. Further, any global settlement should include all parties potentially involved in the alleged wrongdoing.

Lastly, Defendants argue that the amendment is futile because the twelve counts against the new defendants would be subject to a motion to dismiss. Leave to amend is properly denied where the amendment would be futile. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Although it is true that leave to amend a party's pleadings pursuant to Federal Rule of Civil Procedure 15(a) should be liberally granted, a district court need not permit a plaintiff to amend his or her complaint if it determines that the defects in the pleadings "could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).

The opposition, in a most cursory fashion, addresses a few of the pending counts and appears to contend that the facts do not support the contentions in the proposed amended complaint. Again, this argument is the proper subject of summary judgment (or perhaps a

2

number of counts on a motion to dismiss).  Defendants have failed on the record before this Court to demonstrate that any potential defect in the pleading could not be remedied.

Defendants having failed to demonstrate bad faith, undue delay, prejudice or futility of amendment, the Court exercises its discretion to permit the amendment of the complaint to add Judy Chiao Smith, individually and doing business as CSA Consulting, and Chiao, Smith & Associates Accountancy Corporation and to change the caption to allege the true name of current defendant Greg Smith as M. Gregory Smith, individually and doing business as CSA Consulting.

Plaintiffs' motion for leave to amend is GRANTED.  Plaintiffs shall file and serve the third amended complaint within 10 days of this order, incorporating the proposed amendments as well as the changes required by this Court's order granting the Albrecht Defendants' motion to dismiss and motion to strike.  All parties shall answer or otherwise respond within 20 days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated:   January 24, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3