**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8    CHARLES O. BRADLEY TRUST, *et al.*,           No. C-04-2239 JSW (EMC)

9           Plaintiffs,

10          v.                                     **ORDER GRANTING IN PART AND
                                                   DENYING IN PART PLAINTIFFS'
11   ZENITH CAPITAL LLC, *et al.*,                 MOTION TO COMPEL; DENYING
                                                   MOTION FOR EXPENSES**
12          Defendants.

13   _____/            **(Docket Nos. 176, 178)**

14

15          Before the Court are Plaintiffs' motion to compel production of documents by, and

16   depositions of, Zenith Defendants (Docket No. 176) and motion for expenses (Docket No. 178).

17   Having considered the parties' briefs and accompanying submissions, as well as the oral argument

18   of counsel, the Court hereby **GRANTS** Plaintiffs' motion to compel as to the following categories

19   (as numbered in the briefs):

20          1.      Unredacted versions of documents previously produced as ZC 1120-1123, 1127-

21                  1130, 1131-1139, 1140-1142, 1143-1147;

22          2.      Electronic copy of Quickbooks files from Jan. 1, 1998 to December 31, 2004;

23          4.      Bank records for SNB account number 1308667 responsive to Plaintiffs' Demand for

24                  Production, Set Four; and

25          5.      Profit and loss statements, balance sheets, and general ledgers for calendar years

26                  1998-2004.

27          As the other categories of documents, they were not properly requested in discovery pursuant

28   to Rule 34.  As explained at the hearing, Rule 26(a) governing disclosures was amended in 2000,

**United States District Court**
For the Northern District of California

1  narrowing the scope of documents obligated to be disclosed.  Thus, Plaintiffs' argument that

2  Defendants had a duty *sua sponte* to produce these records is without merit.  Plaintiffs' motion to

3  compel is therefore **DENIED** as to category 3 (Outlook files from Jan. 1, 1998 to Dec. 31, 2004) and

4  as to the remaining bank accounts listed in category 4 (WAB 404-14322-4; SNB 1101500,

5  1128222, 1144799).

6       Defendants have offered to produce the documents listed in Numbers 1, 2, 4, and 5 above if

7  afforded a protective order preserving their confidentiality.  The Court finds these documents are

8  relevant and properly discoverable since they relate to claims and defenses in this case.  However,

9  the parties have been unable to resolve Defendants' request for confidentiality designation as to

10 financial records and related testimony to limit access to bank records and other financial

11 information produced in discovery.  Defendants are concerned that Plaintiffs are sharing their

12 information with litigants in state court actions and using documents to convince witnesses to testify.

13 Dube Decl., Ex. 3 (Williams Decl. filed in *Doar v. Chiao Smith & Assoc.*, Marin Co. Sup. Ct., CV-

14 45455).  Plaintiffs reply that Defendants have not claimed any specific prejudice or particularized

15 harm to support entry of a protective order as required under *Rivera v. NIBCO, Inc.,* 364 F.3d 1057,

16 1063-64 (9th Cir. 2004) and *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir.

17 2003).  Reply at 14.  Although these issues were not properly raised in a motion for a protective

18 order, the Court can condition production on terms and conditions as is appropriate in order to

19 accommodate any undue burden.

20      Under Rule 26(c), good cause for a protective order must be established by finding harm or

21 prejudice that will result from disclosure of information to the public.  *Rivera*, 364 F.3d at 1063.

22 "'If a court finds particularized harm will result from disclosure of information to the public, then it

23 balances the public and private interests to decide whether a protective order is necessary.'"  *Id.* at

24 1063-64 *(*citation omitted) (finding protective order justified because chilling effect of disclosing

25 plaintiffs' immigration status outweighed defendant's interests in obtaining information).  "'Where a

26 business is the party seeking protection, it will have to show that disclosure would cause significant

27 harm to its competitive and financial position.  That showing requires specific demonstrations of

28 fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory

United States District Court
For the Northern District of California

allegations of harm.'"  *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 307 (N.D. Cal. 2005) (citation omitted).  Here, the Court finds a sufficient basis for imposing a protective order on the records ordered produced.

Defendants raised legitimate privacy concerns for non-party investors whose private financial information is potentially subject to disclosure without a protective order.  Defendants articulated at the hearing a specific harm to their business interest -- disclosure of sensitive client information in litigation would detract future investors from entrusting Defendants with their finances.  Moreover, the private financial records of Defendants are not public.  Private financial records are normally entitled to privacy protections.  *Cf. Valley Bank of Nevada v. Superior Court*, 15 Cal.3d 652, 656 (1975) (California constitutional right to privacy extends to financial information).

Plaintiffs maintain that even if a protective order is issued, it may not bar parties from sharing documents with other interested third parties, including litigants in collateral litigation.  They cite *Foltz*.  In *Foltz*, the Ninth Circuit considered the third-party collateral litigants' motion to modify a protective order to gain access to discovery materials that had been protected as confidential.  The collateral litigation in state court involved issues similar to the federal action which had been settled and in which certain documents were obtained in discovery under a protective order keeping them confidential.  The third-party litigants sought access to these documents and other sealed court records.  In order to obtain the confidential discovery documents for the state court collateral litigation, the protective order first had to be modified by the issuing federal court.  Recognizing the policy of strongly favoring "access to discovery materials to meet the needs of parties engaged in collateral litigation," *Foltz*, 331 F.3d at 1131, the Ninth Circuit held that where collateral litigants seek to modify a protective order, the issuing court should determine whether "the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided by modifying the protective order."  *Id.* at 1132.  The Ninth Circuit clarified, however, that "the only issue [the issuing court] determines is whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted."  *Id.* at 1132-33.  Once the district court has modified its protective order, "the disputes

**United States District Court**
For the Northern District of California

1    over the ultimate discoverability of specific materials covered by the protective order must be

2    resolved by the collateral courts." *Id.* at 1133. "Allowing the parties to the collateral litigation to

3    raise specific relevance and privilege objections to the production of any otherwise properly

4    protected materials in the collateral courts further serves to prevent the subversion of limitations on

5    discovery in the collateral proceedings. These procedures also preserve the proper role of each of

6    the courts involved: the court responsible for the original protective order decides whether

7    modifying the order will eliminate the potential for duplicative discovery. If the protective order is

8    modified, the collateral courts may freely control the discovery processes in the controversies before

9    them without running up against the protective order of another court." *Id.* On a motion to modify,

10   the issuing court "must weigh the countervailing reliance interest of the party opposing modification

11   [and disclosure] against the policy of avoiding duplicative discovery." *Id.*

12        Importantly, *Foltz* contemplates that in determining whether to modify a protective order so

13   that it does not stand in the way of a collateral court's control of discovery, the issuing court must

14   evaluate the request to modify on a case by case basis, examining, for instance, the complaints in

15   both actions to make a rough determination of relevancy, and the intensity of the reliance interest of

16   the party opposing the modification. *Id.* at 1132-33. That determination cannot be made *a priori*

17   without a specific request addressing the factors identified in *Foltz*.

18        *Foltz* also contemplates that the issuing court must in the first instance determine whether a

19   protective order should apply to specific documents under Rule 26(c). If so, it is at the point of a

20   request to modify such a protective order that the Court must engage in the *Foltz* analysis.

21        In the case at bar, this Court is presented only with the first question: whether the financial

22   records ordered produced herein should be produced under a protective order consistent with Rule

23   26(c). The Court concludes it should. The Court has not been presented a specific request to

24   modify such an order based on the need of collateral litigants to obtain such records. *Cf. Martinez v.*

25   *City of Oxnard*, 229 F.R.D. 159 (C.D. Cal. 2005) (granting third party's motion to intervene and to

26   modify protective order to allow access to information re: police officer's background and

27   employment history).

28

United States District Court
For the Northern District of California

1    To be sure, once the protective order is issued, Plaintiffs may seek to modify under *Foltz*, but

2    to do so they must present particularized facts for this Court to perform the analysis and balancing

3    test under *Foltz.*  The Court cautions the parties that should Plaintiffs desire to pursue a limited

4    release of documents, the parties should meet and confer and take into account the dictates of *Foltz*.

5    Liberality in releasing discovery documents (as opposed to sealed court records) is predicated on the

6    interest in "avoiding duplicative discovery."  The need must be discovery driven.  If the collateral

7    court has made it clear that certain documents are not discoverable in that action, the interest in

8    avoiding duplicative discovery is eviscerated.  On the other hand, privacy interest may be protected

9    even if limited disclosure in collateral litigation is allowed because the Court may place collateral

10   litigants under the same restriction on use and disclosure contained in the original protective order.

11   *Id.* at 1133.  Hence, in reality there may be little threat to reliance interests.  In short, the parties are

12   forewarned not to take extreme and absolute positions.

13       The documents identified herein as discoverable shall be produced under protective order (in

14   a form agreed to by the parties) within ten (10) days of this order.  Should Plaintiffs seek to modify

15   the protective order to permit their disclosure in collateral litigation, the parties must meet and

16   confer; if the dispute is not resolved, they shall present any such dispute to this Court by joint letter

17   addressing the *Foltz* factors.  The Court will sanction any party which takes an unjustified position.

18       Plaintiffs' motion for expenses is **DENIED**.  Defendants' position was not without

19   substantial justification.

20       This order disposes of Docket Nos. 176 and 178.

21

22       IT IS SO ORDERED.

23

24   Dated:  March 24, 2006

25                                             _____
                                               EDWARD M. CHEN
26                                             United States Magistrate Judge

27

28