A. Daniel Bacalski, Jr., Esq. (SBN 056488)
Paul C. Johnson, Jr., Esq. (SBN 189311)
Douglas A. Dubé, Esq. (SBN 177674)
**BACALSKI & OTTOSON, LLP**
402 West Broadway, 24th Floor
P.O. Box 120270
San Diego, CA 92112-0270

619-239-4340/Fax 619-239-0116

Attorneys for Defendants Zenith Capital, LLC;
Tasker Cooper Smith/Zenith Group, Ltd;
Tasker Cooper Smith/zenith Group, LLC;
Rick Tasker; Jed Cooper; and Gregg Smith

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES O. BRADLEY TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZENITH CAPITAL LLC, et al.,<br><br>Defendants. | Case No.: C 04 2239 JSW (EMC)<br><br>STIPULATION AND ORDER TO PROTECT THE CONFIDENTIALITY OF DOCUMENTS TO BE PRODUCED TO PLAINTIFFS' COUNSEL ; ORDER THEREON |

This Stipulation is entered into by and between Plaintiffs Charles O. Bradley Trust, Linda L. Bradley Trust, Ken & Sharon Burge Trust, Brad Martin Burge, Scott & Noa L. Dykstra, Ronald C. Hall, and Rental Center Properties (collectively "Plaintiffs"), and Defendants Zenith Capital LLC, Tasker Cooper Smith/Zenith Group Ltd, Tasker Cooper Smith/Zenith Group LLC, Rick L. Tasker, M. Jed Cooper, and M. Gregg Smith (collectively "Defendants") by and through their respective counsel of record.

On or about March 24, 2006, the Court issued its Order Granting In Part and Denying In Part Plaintiffs' Motion To Compel, and Denying Motion for Expenses. Pursuant to such Order, Defendants are required to produce to Plaintiffs certain documents under a protective order in a form agreed to by the parties.

NOW, THEREFORE, **IT IS HEREBY STIPULATED AND AGREED** that:

(1) Documents produced by Defendants pursuant to this Stipulation and Order

shall be stamped or otherwise clearly labeled as "Confidential;"

(2) Confidential Documents and information contained therein shall be used for purposes of prosecuting, defending, or attempting to settle this litigation only, and shall not be disclosed to the general public.

(3) Except as described herein, Confidential Documents and the information contained therein shall be disclosed only to the Parties, counsels' employees, experts retained by the Parties, court reporters, and court personnel, as necessary. A Confidential Document may also be disclosed to a person who is named within it (but only those documents in which such person is named) to attempt to glean impeachment evidence for the purpose of prosecuting, defending, or attempting to settle this litigation. The Parties to whom Confidential Documents and the information contained therein is disclosed shall be subject to the provisions of this Stipulation and Order.

(4) Confidential Documents and the information contained therein shall not be disclosed to collateral litigants without prior consent from counsel for Defendants. If counsel for Defendants do not provide such consent, Plaintiffs or such collateral litigants may apply to the Court for an order permitting disclosure based upon a discovery need in the collateral litigation, pursuant to the Court's Order issued March 24, 2006.

(5) Confidential Documents may be disclosed during depositions, including depositions of those witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that concern or consist of the Confidential Documents shall be separately bound by the court reporter and labeled "Confidential" and shall not be disclosed to anyone not authorized by this Stipulation and Order.

(6) At the conclusion of this litigation (whether by settlement, dispositive motion, or judgment), counsel for any Party receiving Confidential Documents shall destroy all originals and copies of such documents or return them to Designating Party;

(7) In the event that Defendants fail to label as "Confidential" any document that is properly subject to this Stipulation and Order, at the request of counsel for

Defendants, Plaintiffs' counsel shall retrieve any such document, including all copies. Counsel for Plaintiffs shall either return all such documents to counsel for Defendants or shall destroy all such documents and provide written assurance to counsel for Defendants of such destruction, and counsel for Defendants shall promptly provide to Plaintiffs' counsel replacements bearing the appropriate label.

DATED: ~~March~~ April 5, 2006

JOHNSON & MISKEL

By: [signature]

Gerald L. Williams
Attorneys for Plaintiffs Charles O. Bradley Trust, Linda L. Bradley Trust, Ken & Sharon Burge Trust, Brad Martin Burge, Scott & Noa L. Dykstra, Ronald C. Hall, and Rental Center Properties

DATED: ~~March~~ April 6, 2006

BACALSKI & OTTOSON, LLP

By: Douglas Dubé [signature]

A. Daniel Bacalski, Jr.
Douglas Dubé
Attorneys for Defendants Zenith Capital LLC, Tasker Cooper Smith/Zenith Group Ltd., Tasker Cooper Smith/Zenith Group LLC, Rick L. Tasker, M. Jed Cooper, and M. Gregg Smith

**PROTECTIVE ORDER**

Based upon the Court's Order issued March 24, 2006, the stipulation of the Parties as set forth herein, and good cause appearing therefore, **IT IS HEREBY ORDERED**:

(1) Documents produced by Defendants to Plaintiffs' counsel labeled "Confidential" shall be used for purposes of prosecuting, defending, or attempting to settle this litigation only, and such documents and the information contained therein shall not be disclosed to the general public.

(2) Except as described herein, Confidential Documents and the information contained therein shall be disclosed only to the Parties, counsels' employees, experts

retained by the Parties, court reporters, and court personnel, as necessary. A Confidential Document may also be disclosed to a person who is named within it (but only those documents in which such person is named) to attempt to glean impeachment evidence for the purpose of prosecuting, defending, or attempting to settle this litigation. The Parties to whom Confidential Documents and the information contained therein is disclosed shall be subject to the provisions of this Stipulation and Order.

(3) Confidential Documents and the information contained therein shall not be disclosed to collateral litigants without prior consent from counsel for Defendants. If counsel for Defendants do not provide such consent, Plaintiffs or such collateral litigants may apply to the Court for an order permitting disclosure based upon a discovery need in the collateral litigation, pursuant to the Court's Order issued March 24, 2006.

(4) Confidential Documents may be disclosed during depositions, including depositions of those witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that concern or consist of the Confidential Documents shall be separately bound by the court reporter and labeled "Confidential" and shall not be disclosed to anyone not authorized by this Stipulation and Order.

(5) At the conclusion of this litigation (whether by settlement, dispositive motion, or judgment), counsel for any Party receiving Confidential Documents shall destroy all originals and copies of such documents or return them to Designating Party;

(6) In the event that Defendants fail to label as "Confidential" any document that is properly subject to this Stipulation and Order, at the request of counsel for Defendants, Plaintiffs' counsel shall retrieve any such document, including all copies. Counsel for Plaintiffs shall either return all such documents to counsel for Defendants

///

///

///

or shall destroy all such documents and provide written assurance to counsel for Defendants of such destruction, and counsel for Defendants shall promptly provide to Plaintiffs' counsel replacements bearing the appropriate label.

~~**IT IS SO ORDERED**~~

~~DATED: _______________, 2006~~

~~Honorable Edward M. Chen~~
~~United States Magistrate Judge~~

(7) Any party seeking to file a Confidential Document under seal must do so pursuant to Civil Local Rule 79-5.

IT IS SO ORDERED.

DATED: April 7, 2006

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen

United States Magistrate Judge