UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES O. BRADLEY TRUST, *et al.*, | No. C-04-2239 JSW (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING ALBRECHT DEFENDANTS' MOTION TO COMPEL DEPOSITIONS** |
| ZENITH CAPITAL LLC, *et al.*, | |
| Defendants. | **(Docket No. 207)** |

The Albrecht Defendants have moved the Court to compel the depositions of individual defendants Jed Cooper, Rick Tasker, and Gregg Smith. The Albrecht Defendants argue that they were not afforded the opportunity to question or complete their questioning of the individual defendants. Having reviewed the parties' briefs and accompanying submissions, and good cause appearing therefor, the Court hereby **GRANTS** the motion but orders that the parties split the costs of the depositions as detailed below.

**I. DISCUSSION**

As a preliminary matter, the Court rejects the individual defendants' argument that the Albrecht Defendants unduly delayed in bringing their motion. The discovery motion was filed within the deadline specified by the Civil Local Rules. *See* Civ. L. R. 26-2 (providing that "no motions to compel discovery may be filed more than 7 court days after the discovery cut-off"). The Court therefore turns to the merits of the Albrecht Defendants' motion.

Under Federal Rule of Civil Procedure 30(d)(2), a deposition is ordinarily limited to one day of seven hours. However, a "court must allow additional time consistent with Rule 26(b)(2) if

needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed. R. Civ. P. 30(d)(2). The advisory committee notes point out that, "[i]n multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest." *Id.*, 2000 advisory committee notes.

The Albrecht Defendants argue that they need to complete the depositions of the individual defendants "in order to gather sufficient information to support a motion for a determination that the settlement is in good faith that will be filed in this court shortly." Mot. at 5. They admit that, on or about July 20, 2006, they agreed to close all of the depositions because of an anticipated settlement with Plaintiffs but contend that, upon further reflection, they determined that the depositions needed to be completed because the individual defendants (or the other Zenith Defendants) might challenge the good faith of the Albrecht Defendants' settlement with Plaintiffs. At the hearing on the motion to compel, the Albrecht Defendants further argued that the depositions are needed because, if this case does not settle and proceeds to trial, a jury could find the Albrecht Defendants liable if the individual defendants were to claim that they relied upon the Albrecht Defendants and that claim went unchallenged.

The Court agrees with the Albrecht Defendants that the depositions of the individual defendants need to be completed in order for there to be a fair examination of each. The Albrecht Defendants seek relevant information through the depositions. Although the individual defendants disputed relevance at the hearing on the motion to compel, they notably failed to argue relevance in their briefing. Moreover, relevance for purposes of discovery is broader than relevance for purposes of trial.

The Court, however, shall limit the length of the depositions as the Albrecht Defendants in their briefing argued only that the depositions were needed for purposes related to settlement and indicated that the additional time needed was therefore limited. For Mr. Cooper and Mr. Tasker, the Albrecht Defendants shall have an additional 45 minutes each to complete their questioning. For Mr. Smith, the Albrecht Defendants shall have an additional 1.5 hours to conduct their questioning.

More time is needed for Mr. Smith as the Albrecht Defendants never asked him any questions. The Court further orders that all three depositions shall take place on the same date in order to limit the costs of the depositions.

Finally, the Court orders that the parties shall share the cost of (1) the court reporter fee (excluding any transcripts ordered by the parties) and (2) the reasonable cost of travel (*e.g.*, coach airfare and taxi) for counsel for the individual defendants to attend the depositions in the San Francisco Bay Area. The individual defendants are required to bear part of the costs because their counsel unreasonably cut off the deposition of Mr. Cooper. The Albrecht Defendants are required to bear part of the costs because their counsel, and not counsel for the individual defendants, made the decision to terminate the depositions of Mr. Tasker and Mr. Cooper prior to their completion. This would have necessitated further deposition on another day, requiring additional travel by counsel for the individual defendants.

This order disposes of Docket No. 207.

IT IS SO ORDERED.

Dated: November 16, 2006

EDWARD M. CHEN
United States Magistrate Judge