United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES O. BRADLEY TRUST, ET AL.,

    Plaintiffs,

v.

ZENITH CAPITAL LLC, ET AL.,

    Defendants.

_____/

No. C 04-02239 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PARTIAL SUMMARY JUDGMENT**

Now before the Court is the motion for partial summary judgment filed by Defendants Zenith Capital LLC, Tasker Cooper Smith/Zenith Group LLC, Tasker Cooper Smith/Zenith ("the Zenith Defendants"), Chiao Smith & Associates Accountancy Corp., Judy Chiao Smith ("the Chiao Smith Defendants"), Judy Smith doing business as CSA Consulting, and M. Gregg Smith individual and doing business as CSA Consulting ("the Smith Defendants") (collectively, referred to as "the Moving Defendants"). Having carefully reviewed the parties' papers, and having considered the arguments and relevant legal authority, and good cause appearing, the Court hereby GRANTS the Moving Defendants' motion.

**BACKGROUND**

This securities action concerns allegations of fraud perpetrated by a number of defendants. The Third Amended Complaint ("TAC") states claims for relief for a range of fraud and unfair business practices, breach of contract and civil RICO violations. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

# ANALYSIS

**A.     Legal Standard on Motion for Summary Judgment.**

A court may grant summary judgment as to all or a part of a party's claims. Fed. R. Civ. P. 56(a). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Id.* Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.     First Claim for Relief: Fraud in the Offer or Sale of Securities.**

The first claim for relief alleges violations of Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Moving Defendants contend that there is no implied right of action under Section 17(a). *See In re Washington Pub. Power Supply Systems Sec. Litig.*, 823 F.2d 1349, 1354-55 (9th Cir. 1987). Plaintiffs agree that and thus agree to dismiss their first claim for relief. (Opp. Br. at 4 n.6.) The first claim for relief is stricken from the TAC.

**C.     Second Claim for Relief: Fraud in Connection with Purchase or Sale of Securities.**

The second claim for relief alleges violations of the Exchange Act, 15 U.S.C. § 78j, and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5. The relevant statutory provision states that "[i]t shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, ... to use or employ ... any manipulative or deceptive device or contrivance...."

First, Moving Defendants contend that judgment on this claim is warranted because the agreement to purchase the GMM interests occurred in face-to-face meetings and therefore there is no allegation of use of interstate commerce or of the mails. However, while there may be some argument that the agreement was reached in person, there is sufficient evidence that the actual purchase of the interests occurred through the use of bank wire transfers, facsimiles and mail. (Declaration of Gerald L. Williams ("Williams Decl."), Ex. 21.) Therefore, the conduct alleged falls squarely within the statutory language.

Second, Moving Defendants contend that judgment on this claim (as well as the first, third, sixth and ninth claims) is warranted because the claims rely on allegations of fraudulent representations or omissions and Plaintiffs cannot demonstrate fraud. The Court finds that the record is replete with contested facts about what Defendants knew and at what time and what Defendants were otherwise obligated to investigate. At this stage in the proceedings, there are sufficient disputes of material fact to preclude summary judgment on the underlying fraud claims.

**D.     Third Claim for Relief: Fraud by an Investment Counselor.**

Moving Defendants argue that there is no private right of action under Section 206 of the Investment Advisers Act, 15 U.S.C. § 80b-6. (*See* Motion at 6, citing *Transamerica*

3

*Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24 (1979).) However, the Court in *Transamerica* held that although there was no private right of action for damages under the Investment Advisers Act, the remedies do include rescinding the investment advisor's contract and restitution of the consideration the client gave to the investor. *Transamerica*, 444 U.S. at 24-25. Plaintiffs agree, and the Court so holds, that while there is no private right of action for damages, this claim is appropriately limited to rescission of the investment adviser's contract, which includes return of all consideration. (*See* Opp. Br. at 5.)

**E.     Fourth Claim for Relief: Violation of California Corporations Code.**

Defendants argue that they are entitled to summary judgment of the fourth claim for relief because GMM, not Defendants, offered the security interests to Plaintiffs and, regardless, the subject securities were not required to be "qualified" under California law.

Without citation to the record, Defendants contend that the offer and sale of the interests were made by LF Global and/or GMM, whereas "Defendants acted only as a middle-man, recommending that plaintiffs purchase the securities that were offered by GMM; however, Defendants did not offer or sell the securities themselves." (Motion at 14.) Plaintiffs cite the record and demonstrate that there is a disputed issue of material fact about which party actually sold the securities and therefore, summary judgment is not appropriate on this basis. (*See* Opp. Br. at 11-12.)

Defendants also contend that the GMM limited partnership interests were exempt from qualification under the California Corporations Code and therefore they are not subject to liability. Plaintiffs contend that the securities were not exempt because GMM had more than 100 investors. (*See* Opp. Br. at 12, citing Investment Company Act of 1940, 15 U.S.C. § 83a-3(c)(1).) It is unclear whether Defendants contend there were fewer investors. Regardless, there may be some dispute about the number of investors in the subject securities and the potential dispute about this material fact indicates that summary judgment is not appropriate at this procedural stage.

Moving Defendants also claim summary judgment of this claim, as well as claims 5, 6, 7, 8, 9, 11 and 12, is warranted because Plaintiffs lack standing to pursue direct California state law claims against their investment advisers and are limited to a derivative action against

4

GMM. Where claims belong to a corporation, rather than to the shareholders acting in their own right, the claims must be brought in a derivative, rather than a direct, action. *See, e.g., Schuster v. Gardner*, 127 Cal. App. 4th 305, 309 (2005) (affirming dismissal of direct shareholders' suit for lack of standing where the claims should have been brought as a derivative action).

The characterization of an action as derivative or direct is a question of state law. *ee Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). Under California law, "a shareholder *cannot* bring a direct action for damages against management on the theory their alleged wrongdoing decreased the value of his or her stock (e.g., by reducing corporate assets and net worth). The corporation itself must bring such an action, or a derivative suit may be brought on the corporation's behalf." *Schuster*, 127 Cal. App. 4th at 312 (emphasis in original; citations omitted). An action is derivative if "the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance of distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." *Id.* at 313 (citing *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 106-07 (1969)). These principles are applicable to corporations and limited liability companies and are equally applicable to limited partnerships. *See Everest Investors 8 v. McNeil Partners*, 114 Cal. App. 4th 411, 426 (2003).

However, Plaintiffs' claims in this matter are not derivative as they allege damages they personally suffered as a result of the alleged fraud defendants committed in misrepresenting and concealing material information from them about their GMM investments. The damages suffered were not suffered by GMM, but rather were alleged to have been suffered by Plaintiffs themselves. Plaintiffs' claims in this matter seek to enforce rights against the corporation which the stockholders possesses as individuals. *See Jones v. H. F. Ahmanson & Co.*, 1 Cal. 3d 93, 107 (1969) (citing Rules of Civ. Proc. for U.S. District Courts, Advisory Committee Notes (1966) H.R. Doc. No. 391, 89th Cong., 2d Sess. 40). It is clear from the Plaintiffs' allegations that they do not seek to recover on behalf of the partnership for injury done to it by Defendants. The gravamen of Plaintiffs' cause of action is injury to themselves and is therefore properly filed as a direct action.

5

### F.      Fifth Claim for Relief: Unfair Business Practices.

Moving Defendants contend that they are entitled to summary judgment on the fifth cause of action for unfair business practices under California law because, they argue, the claim is precluded by *Bowen v. Ziasun Technologies, Inc.*, 116 Cal. App. 4th 777, 788 (2004) (holding that Section 17200 does not apply to securities transactions).  The issue in *Bowen* involved the interplay of federal securities violations and a claim under state unfair competition law.  *Id.* at 788-89.  Plaintiffs contend that because they have alleged both federal and state securities violations and Defendants have moved against all federal claims, should the state securities claim (count 4) survive, so should the claim for relief under California's unfair competition law. Because the Court finds that the federal securities claims may proceed and the fifth claim would not offer distinguishable relief, the Court finds that the claim for violation of California's unfair competition law is barred by the holding in *Bowen*.  Accordingly, summary judgment of this claim is granted.[1]

### G.      Seventh Claim for Relief: Breach of Fiduciary Duty.

Defendants argue that they are entitled to summary judgment on Plaintiffs' claim for breach of prudent investment practices because, they claim, Defendants were not acting as trustees subject to the California Uniform Prudent Investor Act, California Probate Code Section 16045 *et seq*.  However, Defendants represented in writing that they promised to adhere to the Prudent Investor Rule and to conform to the Uniform Prudent Investors Act.  (*See* Plaintiffs' Ex. 20 at 549, 550-51.)  On reply, Defendants contend that the representation was made on Tasker/Pitman letterhead and that this document predates Plaintiffs retaining of the Zenith Defendants and predates Plaintiffs' investment in GMM.  To the extent there is a dispute over whether this policy was in force at the time of Plaintiffs' investments, the issue is not properly disposed of at summary judgment.

---

[1] It is unclear from Plaintiffs' opposition whether they intend to maintain a cause of action for unfair competition under California law should the federal securities claims remain in the case.  To the extent Plaintiffs wish to maintain this claim after reviewing the holdings of this Order, they may petition the Court for reconsideration, supported by legal authority for that position.

**H.      Eighth Claim for Relief:  Professional Negligence.**

Defendants argue that the seventh and eighth claims must fail because Plaintiffs' losses were caused by the superceding criminal acts of third parties.  Defendants contend that the criminal acts of Paul Levy and Marvin Friedman, the two principals of LF Global, LLC and the managing partner of GMM, related to the fraudulent operation of GMM, were superceding and foreseeable intervening acts that relieve Defendants of liability.  The general rule is that a defendant's negligence need be the "proximate legal cause" of injury, meaning it must be a substantial factor in bringing about the injury.  *Jarchow v. Transamerica Title Ins. Co.*, 48 cal. App. 3d 917, 939 (1975).  In some cases, an independent intervening act may break the chain of causation and relieve the original negligent actor of liability.  *Schrimscher v. Bryson*, 58 Cal. App. 3d 660, 664 (1976).  The general test of whether an independent intervening act, which operates to produce an injury and breaks the chain of causation, is the foreseeability of that act.  *Id*.  "An act is not foreseeable and thus is a superceding cause of the injury 'if the independent intervening act is highly unusual or extraordinary, not reasonably likely to happen...'" *Id.* (citing 4 Witkin, Summary of Cal. Law (8th ed.) Torts, § 628.)  Generally speaking, the determination of whether an act is foreseeable is a question of fact unless under the undisputed facts there is no room for a reasonable difference of opinion.  *Id*. (citations omitted).

Here, the Court finds that there is a dispute of fact as to whether the conduct by GMM managers was foreseeable given that Plaintiffs have alleged the Moving Defendants failed properly to investigate the GMM investment they recommended to Plaintiffs and which, they allege, paid them in undisclosed kickbacks.  The Court cannot find that the criminal activity was a superceding intervening act as a matter of law and therefore summary judgment is not appropriate on this basis.

**I.      Twelfth Claim for Relief: Violation of California Civil Code Section 3372.**

Moving Defendants argue that the Chiao Smith and Smith Defendants are not liable under California Civil Code Section 3372 because they did not hold themselves out as investment advisers.  California Civil Code Section 3372 provides in pertinent part:

7

> (a) Any person engaged in the business of advising others for compensation as to the advisability of purchasing, holding or selling property for investment and who represents himself or herself to be an expert with respect to investment decisions in such property ... shall be liable to any person to whom such advisory services are furnished for compensation and who is damaged by reason of such person's reliance upon such services ....
>
> (b) For the purposes of this section, the following apply: (1) A person represents that such person is an "expert" within the meaning of this section if such person represents that he or she is a "financial planner," "financial adviser," "financial counselor" ... or makes substantially equivalent representations with respect to such person's business or qualifications.

Without citation to the record, the Chiao Smith and Smith Defendants assert that they did not make such representations, were merely involved in tax accounting services for Plaintiffs, and "limited their participation in any advice respecting Plaintiffs' investments to assisting in Plaintiffs' search for an investment adviser." (Br. at 22.) In response, Plaintiffs cite to portions of the record indicating that defendants held themselves out as investment advisers. This evidence creates a genuine issue of material fact, precluding summary judgment at this time.[2]

## CONCLUSION

For the foregoing reasons, Defendants' motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

(1) Summary judgment as to the first claim for relief for fraud in offer or sale of securities is GRANTED;

(2) Summary judgment as to the second claim for relief for fraud in connection with the purchase or sale of securities is DENIED;

(3) Summary judgment as to the third claim for relief for fraud by an investment counselor is GRANTED IN PART as the claim is limited to rescission and damages are not available;

(4) Summary judgment as to the fourth claim for relief for violation of the California Corporations Code is DENIED;

---

[2] To the extent Defendants introduce new evidence in reply, this evidence further creates a dispute of fact. The motion to strike is well-taken, but the Court need not grant it to decide the motion for partial summary judgment.

1    (5) Summary judgment as to the fifth claim for relief for unfair business practices is GRANTED;

2    (6) Summary judgment as to the sixth claim for relief for constructive fraud is DENIED;

3    (7) Summary judgment as to the seventh claim for relief for breach of fiduciary duty is DENIED;

4    (8) Summary judgment as to the eighth claim for relief for professional negligence is DENIED;

5    (9) Summary judgment as to the ninth claim for relief for misrepresentation is DENIED;

6    (10) Summary judgment as to the twelfth claim for relief for violation of California Civil Code Section 3372 is DENIED.

Dated: August 11, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE