**Joint Statement of Objections to Exhibits and Responses**
(Except Relevance under FRE 402, 402)
Bradley, et al vs. Zenith Capital, LLC, et al
Case No. C 04 2239 JSW (EMC)

| Ex. No. | Description | Objection | Response | Ruling (O or S) |
|---|---|---|---|---|
| 5 | Summary (FRE1006) – "San Diego Trips by Defendants" | foundation/authenticity | This summary is compiled from defendant Zenith's Quickbooks program (1996 - 2005) produced only in electronic format. The method of compilation was explained by telephone and e-mail to defendants, and no objections were voiced. An associate can testify to foundation. | O, subject to laying proper foundation |
| 32 | Expert Calculation of Alpha for well-known funds for the same time period shown in the GMM Performance History | hearsay; authenticity | Plaintiffs' expert designed this spreadsheet calculation and caused it to be created by an associate. | O |
| 33 | Global Money Management Receiver's Website, by Charles La Bella: Update from La Bella to GMM Investors re the Reconstruction Effort [www.gmmreceiver.com] | hearsay | Plaintiffs' expert reasonably relied on this information. Defendants' witness list includes the receiver's attorney. | S* |
| 34 | March 10, 2004 Letter to Janet Rick Weissman from R. Pullano | hearsay | Plaintiffs' expert reasonably relied on this communication between two government agencies (SEC and NASD). It is not hearsay FRE 803(8). | S* |
| 35 | April 4, 2008 E-mail between Conversano and Irish | hearsay | Plaintiffs' expert reasonably relied on this communication between his associate and NASD, a securities regulator. | S* |

\* Pursuant to Federal Rule of Evidence 703(b), expert may rely on otherwise inadmissible evidence but such evidence may not be made known to jury.

| Ex. No. | Description | Objection | Response | Ruling (O or S) |
|---|---|---|---|---|
| 78 | June 30, 1998 Performance History with markings | hearsay; authenticity | Plaintiffs' expert reasonably relied on this document taken from the SEC complaint filed against GMM. | S |
| 158 | December 23, 2003 e-mail | privacy | The objection is not precise enough for defendants to respond. The email is by and about defendants Mr. & Mrs. Smith financial condition. | S* |
| 162 | November 10, 2003 email | privacy | The objection is not precise enough for defendants to respond. The e-mail is between defendants and dated the day after defendants Smith, Cooper, and Tasker withdrew $50,000 each from Zenith in anticipation of the receipt of $176,000 from GMM. | O |
| 165 | September 15, 2003 email | privacy | The objection is not precise enough for defendants to respond. The email is by and about defendants Mr. & Mrs. Smith financial condition. | S* |
| 174 | November 29, 2001 e-mail | atty-client priv | It does not appear that the letter is to an attorney. | O |
| 175 | March 27, 2001 email | privacy | The objection is not precise enough for defendants to respond. The email is by and about defendants Mr. & Mrs. Smith financial condition. | O |
| 242 | January 7, 2003 e-mail | atty-client priv | The e-mail is not to or from an attorney | O |
| 243 | January 7, 2003 e-mail | atty-client priv | Defendants have waived any privilege. They raise advice of counsel as a defense. They testified at multiple depositions about advice from this attorney | O (subect to offer of proof re waiver) |

* sustained unless relevant to punitive damage proceeding

| Ex. No. | Description | Objection | Response | Ruling (O or S) |
|---|---|---|---|---|
| 603 | A transcript of factual basis for Friedman guilty plea | Plaintiffs: This transcript is hearsay and is cumulative to stipulated fact number 5 of the proposed pretrial order (Friedman pled guilty) | It is a record of a federal district court, the findings of fact are subject to judicial notice under FRE, Rule 201, and it is not hearsay (FRE 803(8)); it is not cumulative because it recites the factual basis for the plea, not merely the plea itself. | S |
| 605 | Indictment of Swiderski, Levy, Friedman | Plaintiffs: This indictment is hearsay and is cumulative to stipulated fact number 5 and 6 of the proposed pretrial order (Friedman, Levy pled guilty) | It is a record of a federal district court; it is not cumulative because it recites the factual basis for the indictments; it is not hearsay (FRE 803(8)). | S |
| 609 | March 3, 2006 letter by an NASD paralegal | Plaintiffs: This is hearsay. It was first given to plaintiffs on October 8, 2008 in violation of FRCP 26. It was not relied upon by defendants' expert. | It is a response by government agency to a valid subpoena; defendants' expert reasonably relied on this communication from a government agency (NASD); it is not hearsay (FRE 803(8)). | S |
| 610 | Subpoena for NASD disciplinary records | Plaintiffs: This is hearsay. It was first given to plaintiffs on October 8, 2008 in violation of FRCP 26. It is from another investor's lawsuit against these defendants and contravenes the court's ruling on motions in limine. | It was a valid subpoena that provides the foundation for exhibit 609. | S |
| 710 | April 14, 2004 letter by defense counsel to the GMM Receiver | Plaintiffs: This is hearsay and there is no witness who can testify to its admissibility. This 26 page letter is a complex description of alleged corporate transactions and holdings by, and in, companies not involved in this lawsuit and is therefore an undue consumption of time. | The addressee, Andrew Roberts, Esq. is a witness for the defendants; the 3-page letter with 23 pages of attachments, and Roberts' testimony, are important rebuttal to parts of plaintiffs' expected evidence regarding defendants' alleged malice and LF Global's purchase of an ownership interest in Zenith for $350,000. | S |